IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUTHER C. STONE, ) | |
| ) | Civil Action No. 2:15-cv-01382 |
| Plaintiff, ) | |
| ) | United States Magistrate Judge |
| v. ) | Cynthia Reed Eddy |
| ) | |
| SHEILA JOHNSON, L. COMO, ) | |
| STEVENS, DENESE SCHIAVO, and ) | |
| JOSEPH KILHOF, ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION**

Presently pending is the Motion to Dismiss filed by defendants L. Como, Stevens, Denise Schiavo, and Joseph Kilhof,[1] with brief in support (ECF Nos. 20 and 21) and Plaintiff's brief in opposition (ECF No. 27). For the reasons that follow, the Motion will be granted.[2]

**Factual Background**

Plaintiff, Luther C. Stone, is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") and is presently confined at the State Correctional Institution at Mercer ("SCI-Mercer'). Stone proceeding *pro se*, commenced this 42 U.S.C. § 1983 case on or about October 16, 2016,[3] by filing a complaint and an application for leave to proceed *in forma pauperis*. Stone alleges that his First, Eighth, and Fourteenth Amendment

---

[1] Defendants Como, Stevens, and Schiavo are either current or former Therapeutic Community drug and alcohol program staff facilitators at SCI-Mercer. Defendant Kilhoff, is a parole office supervisor at SCI-Mercer.

[2] The served parties have consented to jurisdiction by the undersigned Magistrate Judge. See ECF Nos. 5, 28, and 29.

[3] The complaint was filed as an attachment to a motion to proceed *in forma pauperis* on October 26, 2015; however, the complaint was apparently signed by Stone on October 16, 2015. Thus, for purposes of applying the statute of limitations, the Court will treat October 16, 2015, as the relevant filing date pursuant to the prison mailbox rule.

1

rights were violated when he was removed from a Therapeutic Community program and required to enter into a sex offender treatment program, even though he had not been convicted of a sex offense.

The following allegations are summarized from the Complaint, and must be taken as true in deciding this Motion to Dismiss. *See Newman v. Beard*, 617 F.3d 775, 779 (3d Cir. 2010). In May of 2010, Plaintiff entered a plea of guilty in the Venango County Court of Common Pleas to one count of corruption of minors. As part of his sentencing, Stone was ordered to undergo an evaluation for sex offender treatment at Project Point of Light. As a result of that evaluation, Stone was placed in a sex offender treatment program.

In April of 2011, Plaintiff was arrested on a new charge of hindering apprehension, which resulted in him being resentenced as parole violator. No sex offender assessments and/or programs were imposed by the sentencing court. Stone was thereafter committed to the Department of Corrections. On May 27, 2012, he was evaluated at SCI-Mercer by C. Ruffo of the psychology department, who advised Stone that he would not be required to participate in the sex offender program.

On March 20, 2013, Stone was "interviewed for and placed in, the Therapeutic Community Program (T.C.)." Complaint at ¶ 21. Several days later, Stone asked a T.C. staff member to verify with the psychology department whether Stone was required to take the sex offender program. Apparently, at the time, the policy of SCI-Mercer required that any inmate who had been deemed to take the sex offender program must have completed the sex offender program before the inmate could participate in the T.C. program. The T.C. staff member was advised by the psychology department that Stone did not have to participate in the sex offender program.

2

On April 4, 2013, Stone officially began the T.C. program. Several weeks after entering the T.C. program, Stone encountered difficulties progressing in the program because he had not been able to convince his program peers that there was not a sexual component to his past convictions.[4] On May 8, 2013, Defendants Como and Stevens told Stone in front of the T.C. peer group that he needed to participate in the sex offender program.

On May 9, 2013, Stone met again with C. Ruffo of the psychology department. Ruffo informed Stone that because the T.C. staff felt he should enroll in the sex offender program, the program was going to be added to Stone's rehabilitation program plan. On May 20, 2013, Stone met with Defendants Como, Stevens, and Schiavo to discuss his removal from the T.C. Program. Stone was then removed from the T.C. Program.

On or about August 23, 2013, the Pennsylvania Board of Probation and Parole added the requirement that Stone complete the sex offender therapy program before being considered for parole. Stone successfully completed the sex offender therapy program in April of 2015.

Defendants have filed the instant motion to dismiss, to which Plaintiff has filed a response in opposition.[5] The matter is now ripe for consideration.

---

[4] According to the Complaint, as part of the T.C. program, inmates were required to confront and admit their past criminal offenses in front of the other participants.

[5] Defendant Sheila Johnson, who is described as the office manager for Project Point of Life, has not been served. Before dismissing a defendant, there is a general notice requirement that the Court must first place the adversarial party on notice that the court is considering sua sponte dismissing the party. Despite this general notice requirement to the nonmoving party, there are three circumstances in which notice is not required: (1) when there exists a fully developed record; (2) when the adversarial party would not be prejudiced by a sua sponte dismiss; and (3) when the decision is based on a purely legal issue. *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 224 (3d Cir. 2004). Plaintiff's claim against Johnson is identical and arises out of the same set of factual allegations as his claims against the moving Defendants, to which he responded extensively in his opposition brief. Therefore, Plaintiff will not be prejudiced by the sua sponte dismissal of defendant Johnson.

**Standard of Review**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

## Discussion

Defendants argue that Stone's claims are time-barred and, therefore, should be dismissed. For the purposes of determining whether a section 1983 action is time-barred, federal courts apply the statute of limitations that would otherwise apply to a personal injury case under state law. *See Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003). In Pennsylvania, the statute of limitations for personal injury claims is two years. *Id*. (citing 42 Pa.C.S. § 5524(7)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. v. City of Philadelphia*, 142 F. 3d 582, 599 (3d Cir. 1998)). "The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Id. (citing Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988)).

Defendants argue that Stone's claims against them must be dismissed because it is clear on the face of the Complaint that Stone's alleged injuries occurred more than two years prior to the filing of the instant suit. Stone has alleged that he was advised in May of 2013 that he would be removed from the T.C. program and that on or about August 23, 2013, the Pennsylvania Board of Probation and Parole added completion of sex offender programming as a precondition to his parole. Complaint, at ¶ 39. "In August 2013, the Plaintiff entered the Moderate High Intensity Sex Offender Program, and in April, 2015 successfully completed the sex offender program." *Id*. at ¶ 40.

Plaintiff argues, in response, that while the "first significant event necessary to make the claim usable, would be the Parole Board decision (green sheet) given to the Plaintiff on Aug. 29, 2013," there were continuing violations due to the continuing nature of Defendants' conduct.

5

Stone also argues that the statute of limitations was tolled while he exhausted his administrative remedies. The Court finds that both of Stone's arguments are without merit.

First, the Court finds that the continuing violations doctrine does not apply in this instance. In order to benefit from the continuing violations doctrine, a plaintiff must show that the defendant's conduct was truly continual and "more than the occurrence of isolated or sporadic acts." *West v. Philadelphia Elec. Co.,* 45 F.3d 744, 755 (3d Cir. 1995). The United States Court of Appeals for the Third Circuit has identified three factors that should be considered in this inquiry: (1) subject matter – whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency – whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence – whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his or her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. *See id*. at 755 n. 9. The third factor, degree of permanence, is the most important. *Cowell v. Palmer Twp.,* 263 F.3d 286, 292 (3d Cir. 2011).

The decision to remove Stone from the T.C. program and place him in the sex offender program decision was sufficiently permanent to trigger a reasonable person's awareness of and duty to assert his rights. And when the Pennsylvania Board of Probation and Parole informed Stone in August of 2013 that participation and completion in a treatment program for sex offenders was a precondition to parole, he clearly was aware of the situation.[6] The statute of limitations exists, in part, to prevent plaintiffs from sleeping on their rights. *See United States v. Richardson*, 889 F. 2d 37, 40 (3d Cir. 1989).

---

[6] Arguably, the moving defendants' conduct was completed when Stone was removed from the T.C. program and ordered to undergo sex offender treatment in May of 2013. However, even giving Stone the benefit of the doubt and using the date he entered the program as the time his claims accrued, they are still outside the limitations period.

As to Stone's second argument, he is correct that the statute of limitations may be tolled while a prisoner exhausts his administrative remedies. Importantly, however, to satisfy this exhaustion requirement "a prisoner must <u>properly</u> exhaust his administrative remedies. 'Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .'" *Austin v. Beard*, 351 F. App'x 780, 782 (3d Cir. 2009) (quoting *Woodford v. Ngo*, 548 U.S. 81, 83 (2006)) (emphasis in original). To the extent that Stone took steps to properly exhaust his administrative remedies the statute of limitations would be tolled.

However, it appears that the first official inmate grievance Stone submitted regarding the prerequisite that he must complete a sex offender program before being eligible for parole was submitted on April 8, 2015, almost two years after he had been informed by the Board of Probation and Parole that he was required to complete a sex offender program in order to be eligible for parole. (ECF No. 27-1 at 2). Stone's untimely grievance does not toll the statute of limitations. Rather, the Court finds that the statute of limitations on Stone's claims has expired.

**Conclusion**

Based upon the foregoing law and authority, the Court will grant Defendants' motion to dismiss. An appropriate order follows.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: August 24, 2016

cc: LUTHER C. STONE
KE9137
801 Butler Pike
Mercer, PA 16137
(via U.S. First Class Mail)

Scott A. Bradley
Office of the Attorney General
(via ECF electronic notification)

7